EJK:SK
F.#2013R01878

14 MISC 091

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION

SEALED APPLICATION

- - - - - - - - - - - - - - - -X

Saritha Komatireddy, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (718) 559-2714, a telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for November 6, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION").

In support of this application I state the following:

1. I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

1

2. The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

3. I have discussed this matter with a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including narcotics offenses in violation of 21 U.S.C. §§ 841, 843, 846, 952, 960 and 963, occurring in the Eastern District of New York and elsewhere. Second, it is believed that Vilton Clarence Bourne, and others known and unknown, have used the SUBJECT TELEPHONE in furtherance of the above offenses. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating co-conspirator statements.

4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. On or about November 6, 2013, Christina Cordova (the "Courier") arrived at John F. Kennedy International Airport aboard Caribbean Airlines Flight No. 520 from Port of Spain, Trinidad. After the Courier's arrival, United States Customs and Border Protection ("CBP") officers selected the Courier for an enforcement examination. The Courier presented a green suitcase and two yellow carry-on bags for inspection

(collectively, the "Luggage"). In the Luggage, CBP officers found eight boxes marked as containing Tortuga Caribbean Rum Cakes (the "Boxes"). CBP officers probed the cake inside one of the Boxes and discovered a white powdery substance. The white powdery substance field-tested positive for cocaine. CBP officers also discovered a white powdery substance concealed in each of the other Boxes. Law enforcement officers recovered a total gross weight of approximately 3,675.6 grams of cocaine from the Boxes. The Courier was arrested. The Courier was read her Miranda rights and invoked her right to counsel. Subsequently, the Courier expressed that she wanted to speak to law enforcement officers. The Courier was re-read her Miranda rights; she waived those rights and agreed to speak with law enforcement officers without an attorney present. In post-arrest statements, the Courier stated, in sum and substance and relevant part, that she met with an individual in Trinidad (the "Supplier") who picked the Courier up from the airport, took her to her hotel, and took her around shopping and elsewhere. The Courier further stated, in sum and substance and relevant part, that the Supplier gave the Courier the number for the SUBJECT TELEPHONE, and indicated that the number was for an individual in New York (the "Pick-Up Guy"), instructed the Courier to call the Pick-Up Guy upon arrival in New York, and informed the Courier that the Pick-Up Guy would pick up the Courier and take the Boxes from her. A search of the Courier's cellular telephone revealed the SUBJECT TELEPHONE among her list of phone contacts and revealed an unsent outgoing text message from the Courier's cellular telephone to the SUBJECT TELEPHONE dated November 6, 2013, stating "Just got off the plane." Based on the investigation of the investigative agency, the SUBJECT TELEPHONE is associated with Vilton Clarence Bourne.

5. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for November 6, 2013.

6. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court. Any such disclosure might cause a target to flee from prosecution and seriously jeopardize the investigation.

7. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. See 28 U.S.C. § 1746.

Dated: Brooklyn, New York
January 24, 2014

_____
Saritha Komatireddy
Assistant United States Attorney
(718) 254-6054

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 MISC 091**

- - - - - - - - - - - - - - - - -X
IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION

SEALED ORDER TO
<u>SERVICE PROVIDER</u>

- - - - - - - - - - - - - - - - -X

WHEREAS this Court has, upon the application of the United States of America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (718) 559-2714, a telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for November 6, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

NOW, THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for November 6, 2013;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the United States Department of Homeland Security, Homeland Security Investigations, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
January 24, 2014

s/Marilyn D. Go
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 MISC 091**

- - - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE RELEASE
OF HISTORICAL CELL-SITE INFORMATION

SEALED ORDER
OF AUTHORIZATION

- - - - - - - - - - - - - - - - - X

This matter having come before the Court pursuant to an application by Assistant United States Attorney Saritha Komatireddy, an attorney for the Government as defined by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days T-Mobile (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from (718) 559-2714, a telephone issued by the service provider (the "SUBJECT TELEPHONE"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONE during any calls or text message transmissions, for November 6, 2013 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including narcotics offenses in

violation of 21 U.S.C. §§ 841, 843, 846, 952, 960 and 963, being conducted by the United States Department of Homeland Security, Homeland Security Investigations (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for November 6, 2013;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
January 2*, 2014

s/Marilyn D. Go
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK